UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DONALD EDWARD GLASSBURN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES BUREAU OF )<br>LAND MANAGEMENT, )<br>)<br>Defendant. )<br>_____ ) | 4:07-cv-023 JWS<br><br>ORDER AND OPINION<br><br>[Re:   Motion at Docket 16 ] |

## I.  MOTION PRESENTED

At docket 16, defendant United States Bureau of Land Management ("BLM") moves pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6) to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Plaintiff Donald Glassburn ("Glassburn") opposes the motion at docket 18, also filed at docket 21. BLM's reply is filed at docket 19. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This action arises from the forfeiture of two mining claims by Glassburn who failed to file a waiver of maintenance fee by the statutory deadline, September 1, 2005.

As a result, pursuant to the Federal Land Policy and Management Act of 1976 ("FLPMA")[1] and related statutory provisions, two of Glassburn's mining claims were deemed abandoned. Glassburn's administrative appeal was denied by the BLM because it was filed late. Glassburn then sued the BLM Director, alleging a violation of his 8th Amendment freedom from excessive fines. Glassburn seeks damages in the amount of $500,000 as compensation for the lost mining claims and $50,000,000 in punitive damages. Glassburn also seeks injunctive relief.

FLPMA provided a major overhaul of federal land policy. Its provisions on mining claims were included partly to redress administrative problems caused by older policies which allowed individuals to stake mining claims on federal land "unconstrained by the fetters of federal control."[2] Section 314 of FLPMA requires that a mining claimant file "either a notice of intention to hold the mining claim . . . [or] an affidavit of assessment work performed thereon . . . ."[3] each year. "The failure to file such instruments . . . [is] deemed conclusively to constitute an abandonment of the mining claim . . . by the owner[.]"[4] This requirement was supplemented by 30 U.S.C. § 28f which provides that a claimant can pay "a . . . maintenance fee of $100 per claim . . . in lieu of the assessment work requirement . . . and the related filing requirements contained in section 1744(a) and (c) of Title 43."[5] Claimants who own ten or fewer

---

[1]Pub. L. 94-579, 90 Stat. 2743 (codified at 43 U.S.C. § 1701 *et seq.*)

[2]*United States v. Locke*, 471 U.S. 84, 86 (1985).

[3]43 U.S.C. § 1744(a).

[4]43 U.S.C. § 1744(c).

[5]30 U.S.C. § 28f(a)

mining claims and have performed the requisite assessment work, may have the fee waived.[6] A waiver certification form must be submitted by September 1 of each year[7] or the claims will be deemed abandoned and forfeited in accordance with FLPMA[8] and 30 U.S.C. § 28i.

## III. STANDARD OF REVIEW

**A. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) requires that a district court have subject matter jurisdiction. "[A] federal court may adjudicate a case only if there is *both* constitutional and statutory authority for federal jurisdiction."[9] Article III of the Constitution provides federal courts with constitutional authority, and several statutory provisions grant federal courts subject matter jurisdiction.[10] The broadest of these statutory grants is 28 U.S.C. §1331, which allows federal courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

"It long has been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . .and the terms of its consent to be

---

[6] 30 U.S.C. § 28f(d).

[7] 43 C.F.R. § 3835.10(a).

[8] 43 U.S.C. § 1744(c).

[9] Erwin Chemerinsky, Federal Jurisdiction 260 (Erwin Chemerinsky et al., Aspen Publishers 2003)

[10] *See* 28 U.S.C. §§1330-1364

-3-

sued in any court define that court's jurisdiction to entertain the suit.'"[11] "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."[12] A "district court's jurisdiction is limited by sovereign immunity"[13] and "[s]ection 1331(a) does not waive sovereign immunity."[14]

**B. Rule 12(b)(6)**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[15] The court is not required to accept every conclusion asserted in the complaint as true, rather the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[16] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[17] A dismissal for failure to state a claim can be based

---

[11] *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[12] *Id.* at 400.

[13] *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1378 (9th Cir. 1981).

[14] *Id.*

[15] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[16] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[17] *Vignolo,* 120 F.3d at 1077.

on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[18]

## IV.  DISCUSSION

Glassburn's opposition to BLM's motion makes it clear that he did not intend to sue the Director of BLM individually, and the court construes his complaint to be against BLM.[19]  It follows that only those of defendant's arguments treating Glassburn's claims as against BLM, an agency of the United States, need to be addressed.

### A. Subject Matter Jurisdiction

#### 1.  Claim for Money Damages

BLM argues that the complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Section 1491 of Title 28 of the United States Code provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon the Constitution . . . not sounding in tort." Section 1491's jurisdictional grant is exclusive. Section 1346 of Title 28 sets forth the limited circumstances in which the district courts and the Court of Federal Claims have concurrent jurisdiction over claims against the United States.  Section 1346 provides that "[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount,

---

[18] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[19] Doc. 18 at 1-2.

founded . . . upon the Constitution . . . ."[20]  Because this action asserts a constitutional violation, and the damages sought exceed $10,000, this court does not have jurisdiction over those claims seeking money damages.

### 2. Tort Claim

BLM argues that if Glassburn's claim is "viewed as an action for some kind of tort, any tort other than a constitutional tort . . ."[21] then it must be dismissed for lack of subject matter jurisdiction.  As this court has previously recognized:

> [T]o bring a tort claim against a federal agency, one must comply with all statutory prerequisites, including the requirement that the plaintiff first bring its claim before the responsible federal agency, [pursuant to] 28 U.S.C. § 2675(a), and must sue the United States rather than the federal agency, [pursuant to] 28 U.S.C. § 2679(a). These requirements are jurisdictional and may not be waived.[22]

Glassburn's attempted appeal was untimely, thereby precluding him from exhausting the administrative appellate process with respect to his claim for reinstatement of the mining claims.  Glassburn has not brought his claim before the Interior Department's administrative review panel, as required by § 2675(a).  Glassburn has also sued BLM and not the United States as required by § 2679(a). Construed as a tort action, Glassburn's claims fall outside this court's jurisdiction and must be must be dismissed.

---

[20]28 U.S.C. § 1346(a)(2).

[21]Doc. 17 at 8.

[22]*F.D.I.C. v. F.S.S.S.*, 829 F. Supp. 317, 321 (D. Alaska 1993).

Case 4:07-cv-00023-JWS   Document 25   Filed 06/25/08   Page 6 of 10

### 3. Injunctive Relief

Glassburn's complaint includes a prayer for injunctive relief.[23] The Administrative Procedure Act ("APA") provides that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency . . .acted . . . in an official capacity . . . shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . .[24]

However, "[b]y its own terms, section 702 does not affect existing limitations on district court jurisdiction."[25] Absent a jurisdictional basis for his claims, Glassburn cannot litigate them in this court. Including a request for injunctive relief does not create jurisdiction in a case such as this.

### B. Failure to State a Claim

#### 1. Civil Rights Claim

Glassburn also relies on the Civil Rights Act.[26] Section 1983 requires that to be actionable, an alleged deprivation of rights must occur "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."[27] As BLM points out, Glassburn's "allegations relate solely to a federal agency acting under federal

---

[23]Doc. 1 at 2.

[24]5 U.S.C. § 702.

[25]*Laguna Hermosa*, 643 F.2d at 1379.

[26]42 U.S.C. § 1983.

[27]*Id.*

-7-

mining laws."[28]  Glassburn has not alleged any action arising under color of state law and therefore, his Civil Rights claims must be dismissed pursuant to Rule 12(b)(6).

### 2. FLPMA

The abandonment provisions in FLPMA were found to be constitutional in *United States v. Locke*,[29] which involved claimants to extremely valuable mineral deposits who made their FLPMA filing one day late. The Supreme Court determined that "Congress intended in § 314(c) to extinguish those [mining] claims for which timely filings were not made"[30] and that "the failure to file on time, in and of itself, causes a [mining] claim to be lost."[31]  The Court then considered specifically "whether automatic forfeiture of a claim for failure to make annual filings is constitutionally permissible."[32] The court ultimately held that FLPMA's forfeiture provision was constitutional because forfeiture constitutes neither a taking in the context of the 5th Amendment, nor a violation of the claimant's due process rights.

Glassburn suggests that the purpose of the waiver is "to notify BLM that a miner has [ten or fewer] claims and that [the miner] owe[s] BLM no fee."[33]  In fact, FLPMA was "designed both to rid federal lands of stale mining claims and to provide federal land managers with up-to-date information that allows them to make informed land

---

[28]Doc. 17 at 7.

[29]471 U.S. 84 (1985).

[30]*Id.* at 100.

[31]*Id.*

[32]*Id.* at 103.

[33]Doc. 18 at 6.

Case 4:07-cv-00023-JWS   Document 25   Filed 06/25/08   Page 8 of 10

management decisions."[34] The forfeiture mandated by "§ 314(c) is a reasonable, if severe, means of furthering these goals; sanctioning with loss of their claims those claimants who fail to file provides a powerful motivation to comply with the filing requirement[.]"[35] The *Locke* court noted that "the restriction attached to the continued retention of a mining claim imposes the most minimal of burdens on claimants; they must simply file a paper once a year indicating that the required assessment work has been performed or that they intend to hold the claim."[36] Fundamentally, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."[37] Glassburn has not stated a FLPMA claim upon which this court could grant relief.

### 3. 8th Amendment Claim

Glassburn argues that forfeiture of his claims amounts to an excessive fine in violation of the 8th Amendment.[38] "The Excessive Fines Clause limits the government's power to extract payments whether in cash or in kind, 'as *punishment* for some offense.'"[39] "Forfeitures-payments in kind-are thus 'fines' if they constitute punishment

---

[34] *United States v. Locke*, 471 U.S. 84, 87 (1985).

[35] *Id.* at 106.

[36] *Id.*

[37] *Id.* at 101.

[38] Doc. 1 at 2.

[39] *Austin v. U.S.*, 509 U.S. 602, 609-10 (1993) (citing *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)).

-9-

for an offense."[40] The forfeiture in this instance is not a punishment. Failure to file the waiver form is not a criminal offense and an abandonment is not intentionally punitive. The constructive abandonment of the mining claims was a consequence of Glassburn's inaction, and not an affirmatively imposed fine. Finally, forfeiture of Glassburn's mining claim could be characterized as remedial because one purpose of FLPMA is to provide BLM with a reliable assessment of active mining claims. Once a claim has been forfeited its status is unambiguous. Glassburn has no viable 8th Amendment claim.

## V.  CONCLUSION

For the reasons set forth above, BLM's motion to dismiss at docket 16 is **GRANTED**.

DATED at Anchorage, Alaska, this 25th day of June, 2008.

                                            s/ John W. Sedwick
                                            JOHN W. SEDWICK
                                            UNITED STATES DISTRICT JUDGE

---

[40] *United States v. Bajakajian*, 524 U.S. 321, 328 (1998).